UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MONICA CHRETIEN, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | No. 2:12-cv-212-NT |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security,*[1] ) | |
| ) | |
|     *Defendant* ) | |

### *RECOMMENDED DECISION ON MOTION TO REMAND*

The plaintiff moves to remand the instant case for the consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g). *See* Motion To Remand ("Motion") (ECF No. 12) at 1. The commissioner opposes the motion and asks that, if the motion is denied, oral argument be scheduled for June 2013 on the plaintiff's statement of errors, and the commissioner be afforded three weeks to move for a remand, if need be. *See* Defendant's Objection to Plaintiff's Motion To Remand ("Objection") (ECF No. 16) at 1 & 5 n.1.[2] For the reasons that follow, I recommend that the Motion be denied and that the commissioner's request be granted.

### I. Discussion

Sentence six of 42 U.S.C. § 405(g) provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] The commissioner mistakenly lists the year as 2012.

1

Typically, a request for a sentence six remand concerns "new evidence . . . tendered after the ALJ [administrative law judge] decision." *Mills v. Apfel,* 244 F.3d 1, 5 (1st Cir. 2001) (citation and internal quotation marks omitted). Sentence six allows for a "pre-judgment remand" and obviates a ruling on the existing administrative decision based on the existence of good cause for remanding for further evidentiary proceedings. *See, e.g.*, *Seavey v. Barnhart,* 276 F.3d 1, 13 (1st Cir. 2001); *Freeman v. Barnhart,* 274 F.3d 606, 610 (1st Cir. 2001).

On a cautionary level, the First Circuit has observed that "Congress plainly intended that remands for good cause should be few and far between, that a yo-yo effect be avoided — to the end that the process not bog down and unduly impede the timely resolution of social security appeals." *Evangelista v. Secretary of Health & Human Servs.,* 826 F.2d 136, 141 (1st Cir. 1987). Thus, prejudgment remand is only appropriate where there is good cause for the claimant's failure to introduce the evidence at the administrative hearing and the evidence in question is new and "material," as in "necessary to develop the facts of the case fully[.]" *Id.* at 139.

New evidence of an infirmity or impairment is not automatically material. The party seeking remand must show that the evidence is not merely cumulative and that consideration of the evidence is essential to a fair hearing, *see id.*; in other words, that the earlier decision "might reasonably have been different" had the evidence been considered by the commissioner, *id.* at 140 (citation and internal quotation marks omitted). There is a temporal concern, as well. The evidence must be material to the issue of "the claimant's condition during the time period for which benefits were denied[,]" as opposed to the development of a new disability. *Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir. 1988). The relevant time frame, in this case, is the period from December 6, 2007, the plaintiff's alleged onset date of disability, through March 9, 2012, the date of the adverse decision of which she complains. *See* Finding 7, Record at 27.

The plaintiff seeks a sentence six remand on the basis of evidence created more than seven months after the issuance of the adverse decision, a report of a psychological evaluation by Leah Baer, Psy.D., dated October 21, 2012.  *See* Exh. A ("Report") (ECF No. 12-1) to Motion.  The plaintiff argues that Dr. Baer's testing confirms an anxiety diagnosis that the administrative law judge wrongly rejected, adds a diagnosis of depression, and establishes the severity of those conditions, given Dr. Baer's finding of a Global Assessment of Functioning, or GAF, score of 50.  *See* Motion at 1.[3]  She further notes, and emphasizes in her reply brief, that Dr. Baer diagnosed her for the first time with a learning disorder and recommended modifications suggestive of a significant diminution in her capacity to undertake mental work functions, for example, that she have a structured environment as free from distractions as possible and be provided prompts and cues.  *See* Reply to Response to Motion To Remand ("Reply") (ECF No. 17) at [1].  She adds that the neuropsychological testing "suggests that there is an organic, ongoing basis for [her] previously diagnosed impairments of depression and anxiety[,]" with responses on personality tests reflecting deficits such as "enduring problems with low self-esteem, anxiety and depression."  *Id.* at [2] (internal quotation marks omitted).  She concludes, "Dr. Baer's findings as to the learning disability suggest that it was an impairment of long[] standing and certainly in existence at the time of hearing."  *Id.*

Nonetheless, as the commissioner correctly observes, *see* Objection at 3-4, Dr. Baer stated that the results of her testing were "considered to be valid and reliable estimates for [the plaintiff's] current functioning" and described the assessed GAF score as "current[,]" Report at

---

[3] A GAF score represents "the clinician's judgment of the individual's overall level of functioning."  American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., text rev. 2000) ("DSM-IV¬TR"), at 32.  The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning."  *Id.*  The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death).  *Id.* at 34.  A GAF score of 41 to 50 represents "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  *Id.* at 34 (boldface omitted).

3, 8. She expressed no opinion as to the onset date of any of the described diagnoses or symptoms. *See generally id*.

The plaintiff cites *Lisa v. Secretary of Dep't of Health & Human Servs. of U.S*., 940 F.2d 40 (2nd Cir. 1991), for the proposition that a retrospective diagnosis may reveal the seriousness of a preexisting illness or injury that a claimant suffered as of the time of hearing. *See* Motion at 2. Nonetheless, as the commissioner argues, *see* Objection at 4, *Lisa* is distinguishable. In *Lisa*, the claimant presented to multiple physicians who disagreed on, or could not discern, the etiology of the severe symptoms she reported. *See Lisa*, 940 F.2d at 41-42. The administrative law judge found her to be suffering from a mild seronegative arthritis with fibrositic overlay and borderline hypothyroidism. *See id*. at 42. The claimant then sought a sentence six remand, proffering the reports of four physicians concurring in a diagnosis of fibromyalgia, one of whom stated that her symptoms and resulting disability had commenced during the period relevant to her case. *See id*. at 43. The court found the new diagnostic evidence material in that it suggested that the claimant had an impairment substantially more severe than previously diagnosed and would bolster the credibility of her subjective complaints. *See id*. at 44.

Here, by contrast, the record already contained a diagnosis of anxiety with depressive symptoms. *See* Record at 21. Although Dr. Baer's findings bolster the diagnoses of anxiety and depression, they do not shed light on the severity of those conditions seven or more months earlier. In addition, while the learning disorder diagnosis is new, unlike in *Lisa*, the plaintiff identifies no record evidence that, during the relevant period, she complained of, sought treatment for, or was assessed as having symptoms consistent with that disorder.

In these circumstances, as the commissioner contends, "one cannot say that the Report sheds any new light on the seriousness of [the] plaintiff's condition *during the relevant period*,

4

and [the] plaintiff fails to demonstrate otherwise[,]" instead asking "the court to make the inferential leap[.]" Objection at 4 (emphasis in original). That does not suffice to prove materiality.

## II. Conclusion

For the foregoing reasons, I recommend that the court **DENY** the Motion and **GRANT** the commissioner's request, *see* Objection at 5 n.1, to schedule oral argument during June 2013 on the plaintiff's statement of errors, ECF No. 13, and afford the commissioner three weeks from the date of final adjudication of this Motion to move for remand, if needed.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 15th day of March, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge