UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MONICA CHRETIEN,              )<br>                                              )<br>         *Plaintiff*                    )<br>                                              )<br>v.                                          )<br>                                              )<br>CAROLYN W. COLVIN, Acting      )<br>*Commissioner of Social Security*,[1]  )<br>                                              )<br>         *Defendant*                  )  | No. 2:12-cv-212-NT |

### RECOMMENDED DECISION ON MOTION FOR ATTORNEY FEES

The plaintiff seeks an award of attorney fees in the amount of $3,359.16 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action appealing the denial of her application for Social Security benefits. EAJA Application for Fees and Expenses ("Motion") (ECF No. 23) & Exhibit A thereto (ECF No. 23-1). The defendant opposes only $513.92 of the total request on the ground that, while the plaintiff should be compensated for her fees on her successful so-called "sentence four" remand motion, she should not receive EAJA fees on her unsuccessful, and separate, "sentence six" remand motion. Commissioner's Objection to Plaintiff's EAJA Application for Fees and Expenses ("Opposition") (ECF No. 24) at 1-2. Because I conclude that the plaintiff's sentence six motion is not sufficiently related to her sentence four remand motion, I recommend that the plaintiff be awarded $2,845.24 ($3,359.16 minus $513.92).

The plaintiff originally sought remand of this matter to the commissioner under both

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.

1

sentence four and sentence six of 42 U.S.C. § 405(g).[2] ECF Nos. 12 & 13. She ultimately obtained remand under sentence four but not sentence six. ECF Nos. 18 & 19 (denying motion to remand under sentence six), 20 & 21 (defendant's motion to remand under sentence four granted). The plaintiff's itemization of attorney fees includes 2.75 hours of attorney time devoted to the sentence six motion. Exhibit A at 11/12/12, 1/8/13, 1/9/13, 3/15/13, 4/8/13. It is the fees for this time that the defendant disputes.

Under the EAJA, a prevailing party may seek an award of attorney fees. 28 U.S.C. § 2412(d)(1)(A).[3] The defendant contends that the plaintiff did not prevail on her request for remand under sentence six and thus cannot recover any fees incurred in that effort. Opposition at 2-3. According to applicable case law, EAJA fee awards are not available for work on unsuccessful claims that are not related to the claim or claims upon which the party was successful. *United States v. Jones*, 125 F.3d 1418, 1429 (11th Cir. 1997). The defendant asserts that a request for remand under sentence four and a request for remand under sentence six can never be based upon "a common core of facts or related legal theories," in the words of the *Jones* court, because the former requires a showing of an error by the Commissioner while the latter is

---

[2] The statute provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the [receipt of notice]. Such action shall be brought in the district court . . . . As part of the Commissioner's answer the Commissioner . . . shall file a certified copy of the transcript of the record . . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . . The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . . The court may, on motion of the Commissioner . . . made for good cause shown . . . remand the case to the Commissioner . . . for further action . . . and it may at any time order additional evidence to be taken before the Commissioner . . ., but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g).

[3] The statute provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

based upon "an issue wholly unrelated to any error in the Commissioner's final decision." Itemized Statement at 4.

In the alternative, the defendant argues that "special circumstances" under 28 U.S.C. § 2412(d)(1)(A) warrant a denial of the requested fees associated with the sentence six claim because "EAJA's final judgment requirement prevents payment . . . on a sentence six remand until after the completion of any post-remand . . . proceedings" and "it makes no sense to award EAJA fees for an unsuccessful claim where that same claim would not be entitled to any such fees had it been successful." *Id*. at 4-5. However, these circumstances would be present every time a claimant made both requests for remand and was successful on the sentence four request, making them anything but "special." Therefore, I will not consider this argument further.

The plaintiff counters that she need only succeed on one significant issue in the litigation in order to obtain all of the attorney fees she incurred. Reply Memorandum re EAJA Application ("Reply") (ECF No. 25) at 2.

Courts are split on the interpretation of this aspect of the EAJA. *EEOC v. Memphis Health Ctr., Inc.*, Nos. 11-6426, 11-6327, 2013 WL 2151017, at *6-*7 (6th Cir. May 17, 2013) (listing cases). Magistrate Judge Kravchuk of this court has deleted from EAJA attorney fee applications fees associated with unsuccessful claims, albeit without addressing the issue. *Thibodeau v. Social Sec. Admin. Comm'r*, No. 1:10-CV-00371-JAW, 2011 WL 6097753, at *2 (D. Me. Dec. 2, 2011); *Pelletier v. Social Sec. Admin. Comm'r*, No. 1:10-CV-00438-DBH, 2011 WL 5545658, at *3 (D. Me. Nov. 10, 2011).[4]

Here, the plaintiff's separate motion under sentence six and her itemized statement of errors upon which she obtained remand under sentence four were not based upon a common core

---

[4] In this case, the acting commissioner has not asked this court to break out successful and unsuccessful arguments made in the plaintiff's itemized statement so that the fee request could be reduced for work on unsuccessful claims made within the sentence four remand request.

of facts; each was based upon separate relevant facts.  The sentence six motion sought remand for consideration of additional evidence, while the plaintiff's itemized statement sought remand on the ground that the decision below was not supported by the substantial evidence considered.  The legal theories invoked in each were related in a general sense in that they are both based on 42 U.S.C. § 405(g) and involve a single claim for Social Security benefits, but, under the circumstances of this case, particularly where the plaintiff expressed these theories in separate filings, I conclude that this "relationship" does not outweigh the separate core of facts upon which each motion is based.  *See, e.g., Natural Resources Defense Council v. Locke*, 771 F.Supp.2d 1203, 1216 (N.D. Cal. 2011) (unrelated claims seek to remedy course of conduct entirely distinct and separate from course of conduct that gave rise to successful claim).

Accordingly, I recommend that the plaintiff's application for attorney fees be **GRANTED IN PART**, in the amount of $2,845.24 ($3.359.16 minus $513.92).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of August, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge